986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Eugene THOMAS, Defendant-Appellant.
 No. 92-5152.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 15, 1992
Decided: March 5, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-91-155-N)
 Joseph Barry McCracken, Cook & McCracken, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Charles D. Griffith, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Eugene Thomas appeals from a district court judgment finding him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1979 & West Supp. 1992). Thomas challenges the district court's decision to deny his motion to suppress physical evidence found on his person when he was arrested, as well as oral statements he subsequently made to law enforcement officers. We agree with the district court, however, that since probable cause existed to arrest Thomas, the search of his person, which revealed a .38 caliber pistol, was properly conducted incident to his arrest. See United States v. Robinson, 414 U.S. 218 (1973).
 
 
 2
 We find no merit to Thomas's contention that probable cause was lacking in this case because the arresting officer lacked sufficient information to know that the Eugene Thomas he arrested was the same Eugene Thomas which criminal files revealed possessed a felony record. Prior to arresting Thomas, the arresting officer received information from a concededly reliable informant that he was with Thomas, personally knew that Thomas was a convicted felon, and that Thomas possessed a firearm. A check of criminal records and an inquiry to the Norfolk Police Department revealed that an individual of the same name, possessing a physical description consistent with the one provided by the informant, had twice been convicted of felonies in Norfolk. Moreover, prior to arresting Thomas, the officer was able to observe him and verify that he matched these descriptions. Under these circumstances, the officer reasonably believed the Thomas described by the informant to be the Thomas described by the Norfolk Police Department.
 
 
 3
 We note further that even if probable cause to arrest had been lacking in this case, the officer could have reasonably conducted a frisk search of Thomas's person for weapons. See Terry v. Ohio, 392 U.S. 1 (1968). In view of the nature of the crime, the officer reasonably suspected that Thomas was armed and reasonably felt concern for his safety. See United States v. Moore, 817 F.2d 1105, 1108 (4th Cir.) (blocking vehicle, approaching with gun drawn, and conducting only a weapons search in investigation of armed robbery), cert. denied, 484 U.S. 965 (1987); see also United States v. Crittendon, 883 F.2d 326 (4th Cir. 1989). Accordingly, the judgment of the district court is affirmed. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED